```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
BARDWIL INDUSTRIES INCORPORATED
and GEORGE C. BARDWIL,

                Plaintiffs,           MEMORANDUM AND ORDER

           - against -                19 Civ. 8211 (NRB)

ALAN F. KENNEDY, RONALD J.
TASSELLO, and FREDERICK M.
ROGERS,

                Defendants.
---------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendants Alan F. Kennedy and Ronald J. Tassello move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (ECF No. 48.) This is the second motion in this case testing the sufficiency of plaintiffs' complaint. The third defendant, Frederick M. Rogers, brought the first motion, which the Court granted in May. <u>Bardwil Indus. Inc. v. Kennedy</u>, No. 19 Civ. 8211 (NRB), 2020 WL 2748248 (S.D.N.Y. May 27, 2020). The Court assumes familiarity with the facts, which were discussed in the opinion granting Rogers's motion to dismiss.

### THE COURT'S MAY OPINION

In granting Rogers's motion to dismiss, the Court first held that the Amended Complaint failed to allege a claim for breach of fiduciary duty because "each allegation," save one, "ambiguously asserts that '[d]efendants' carried out the alleged wrongdoing"

and fails to "specif[y] which defendant engaged in what misconduct." Id. at *3 (citing as examples Am. Compl. (ECF No. 29) ¶¶ 16, 28, 31, 37, 49, and 59.) These "undifferentiated allegations," the Court concluded, impermissibly "lump[ed] defendants together without providing any factual basis for distinguishing among them," and thus "fail[ed] to inform Rogers of the grounds on which the breach of fiduciary duty claim against him rests," as required by Federal Rule of Civil Procedure 8. Id. (citing Ochre LLC v. Rockwell Architecture Planning & Design, P.C., No. 12 Civ. 2837 (KBF), 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012), aff'd, 530 F. App'x 19 (2d Cir. 2013).

Second, the Court rejected plaintiffs' claim of conversion on similar grounds, finding that "[j]ust as the amended complaint's undifferentiated allegations against '[d]efendants' are fatal to plaintiffs' claim for breach of fiduciary duty, so, too, are they lethal to plaintiffs' claim for conversion." Id. at *4. Further, the Court held that even if the Amended Complaint met Rule 8's threshold, it still did not state a claim for conversion under New York law for three reasons: (1) allegations that a former licensor decided to sign a new license with a Bardwil Industries competitor did not amount to an interference with plaintiffs' property rights; (2) allegations that defendants liquidated the company "for their personal benefit" and "stole" plaintiffs' computers, furniture,

and artwork were conclusory and not buttressed by further factual enhancement; and (3) allegations that defendants wound down Bardwil Industries without its shareholder's knowledge and approval were unaccompanied by allegations that defendants lacked authority to do so or that they required shareholder approval. Id.

Finally, the Court dismissed plaintiffs' claim to enjoin Rogers from transferring licenses or assets from Bardwil Industries and violating his fiduciary duties because the Amended Complaint failed to state a claim against Rogers and because plaintiffs alleged that Rogers was no longer an employee.  Id.

Kennedy and Tassello did not join Rogers's motion, instead opting to answer the Amended Complaint and assert counterclaims. (ECF No. 35.)  Following the Court's May opinion, however, they filed the pending motion for judgment on the pleadings.

As relevant to disposition of the instant motion, with one exception, the Amended Complaint's allegations against Kennedy and Tassello, who were respectively the President and Chief Financial Officer of Bardwil Industries, are indistinguishable from those against Rogers, who was the company's Secretary and Executive Vice President of Global Procurement.  See Bardwil Indus. Inc., 2020 WL 2748248, at *3; Am. Compl. ¶¶ 12-14.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6).  Eastman Kodak Co. v. Henry Bath LLC, 936 F.3d 86, 93 (2d Cir. 2019) (citation omitted).  That is, after drawing all reasonable inferences in plaintiffs' favor, the Court must determine whether the complaint contains sufficient factual allegations to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

And, "at a minimum," the complaint must "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  In re Platinum-Beechwood Litig., 427 F. Supp. 3d 395, 438 (S.D.N.Y. 2019) (quoting Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order)).  When a complaint names multiple defendants, as here, it "must provide a plausible factual basis to distinguish the conduct of each of the defendants."  Ochre, 2012 WL 6082387, at *6 (citing Atuahene, 10 F. App'x at 34).  Simply "lumping all the defendants together in each claim and providing no factual basis to distinguish their

conduct . . . fail[s] to satisfy th[e] minimum standard" demanded by Rule 8.  Atuahene, 10 F. App'x at 34.

**DISCUSSION**

The issue presented on this motion is whether there is a reason for the Court to reach a different conclusion than it did on Rogers's motion.  The Court concludes there is not.

First, starting with the substance of the amended complaint, plaintiffs do not meaningfully distinguish their allegations against Kennedy and Tassello from those against Rogers that the Court has already found deficient.[1]  (See generally Pls.' Opp. (ECF No. 50).)  That is because, ultimately, plaintiffs' allegations lump all three of the defendants together, which was the primary basis for dismissal that the Court explored in its prior opinion.  Thus, the same pleading deficits that plagued

---

[1] As the Court noted in its earlier opinion, there is a single allegation in the Amended Complaint that disaggregates Tassello from Kennedy and Rogers in describing the alleged misconduct.  Bardwil Indus. Inc., 2020 WL 2748248, at *3 (citing Am. Compl. ¶ 45).)  That allegation states: "TASSELLO has failed to provide to the Plaintiffs a satisfactory audit of the finances of BARDWIL INDUSTRIES."  (Am. Compl. ¶ 45.) This freestanding allegation against a former employee, devoid of any context about when plaintiffs requested the audit, does not state a claim for breach of fiduciary duty or conversion and does not warrant the injunctive relief plaintiffs seek.

-5-

plaintiffs' allegations against Rogers are likewise fatal to their claims against Kennedy and Tassello.[2]

Second, on the law, plaintiffs never engage with the reasoning of the Court's prior opinion to persuade the Court that it should reach a different outcome here.  Instead, plaintiffs cite a laundry list of cases in which other courts have found that some instances of grouped pleadings did not sink a plaintiff's complaint.  (See generally Pls.' Opp.)  None of the cases signal an intervening change in the law or otherwise suggest that the Court incorrectly applied Rule 8's pleading standard.  Nor do any of the cases, which analyze different complaints than the one at issue here, convince the Court that it reached the wrong conclusion in May or that a different outcome is compelled here.

For example, unlike here, the complaint in Vantone Group LLC v. Yangpu Industrial Co., Ltd. made "factual allegations that distinguish[ed] between the conduct of the Moving Defendants,

---

[2] Beyond plaintiffs' inadequate group pleading, the substance of plaintiffs' conversion and injunctive relief claims fail for the same reasons discussed in the Court's prior opinion and summarized above.  With respect to the conversion claims, the Amended Complaint makes no distinction between the three defendants, so the analysis for Kennedy and Tassello is identical to Rogers.  See Bardwil Indus. Inc., 2020 WL 2748248, at *3.  As for their injunctive relief claims, plaintiffs similarly fail to state a claim in the first instance that Kennedy and Tassello, like Rogers, engaged in these improper acts.  Id.  Additionally, plaintiffs allege that both Kennedy and Tassello, like Rogers, are former employees.  See id.; Am. Compl. ¶¶ 12–13 (alleging that Kennedy "was the President of BARDWIL INDUSTRIES" and that Tassello "was the Chief Financial Officer of BARDWIL INDUSTRIES").)  Thus, the equitable remedy plaintiffs seek is not warranted.

listing specific actions taken by each of them." No. 13 Civ. 7639-LTS-MHD, 2015 WL 4040882, at *4 (S.D.N.Y. July 2, 2015).

Likewise, plaintiffs' Amended Complaint stands apart from that in Anwar v. Fairfield Greenwich Ltd., in which the court found that "Plaintiffs distinguish[ed] the conduct of each of the Citco Defendants," and "[w]hen Plaintiffs d[id] make certain allegations against the Citco Defendants as a whole, Plaintiffs assert[ed] a factual basis for doing so." 728 F. Supp. 2d 372, 422 (S.D.N.Y. 2010).

Moreover, in contrast to this case, the defendants named in Consumer Fin. Prot. Bureau v. RD Legal Funding, LLC were three companies that shared such significant overlapping characteristics——including common ownership, the same address, and the same bank account that was used to perpetrate the Consumer Financial Protection Act violations——that the court declined to treat them as "entirely separate entities." 332 F. Supp. 3d 729, 771 (S.D.N.Y. 2018). It was because of these shared features among the defendants that it made sense for the government to group the companies together in the complaint. And, it was on this basis that the RD Legal Funding court distinguished its case from cases in which other courts dismissed complaints for impermissible group pleading. See id. (distinguishing Ochre, 2012 WL 608237, because in that case "the defendants were entirely separate

entities"). Here, by comparison, the defendants are corporate officers who had different positions and responsibilities within the company. (See Am. Compl. ¶¶ 12-14.) And, without further factual allegations to plausibly explain how the defendants were working in concert, it does not make sense to presume that these three individuals each participated in the misconduct that is the subject of plaintiffs' undifferentiated allegations. See, e.g., Bardwil Indus. Inc., 2020 WL 2748248, at *3 (finding that plaintiffs' allegations "fail to allay doubts that Rogers, as Secretary and Executive Vice President of Global Procurement of the Company, would have even had a role in liquidating inventory, ensuring payment of the Company's licensing fees, and overseeing the Company's finances").

In short, as the allegations and the law have not changed, what was true in May remains true today: Plaintiffs' Amended Complaint fails to state a claim under Rule 8.

## CONCLUSION

Kennedy and Tassello's motion for judgment on the pleadings is **GRANTED**, and the Court dismisses plaintiffs' claims with

prejudice.[3]  The Clerk of Court is respectfully directed to close all motions pending in this case.

**SO ORDERED.**

Dated:     New York, New York
           September 21, 2020

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[3] "Although federal courts are inclined to grant leave to amend following a dismissal order," a district court does not abuse its discretion if it dismisses a claim with prejudice where, as here, "leave to amend has not been sought." Chen v. Antel Commc'ns, LLC, 653 F. App'x 43, 44 (2d Cir. 2016) (summary order).  Moreover, plaintiffs have already repleaded their claims once.  Following the pre-motion conference concerning Rogers's motion to dismiss, the Court afforded plaintiffs the opportunity to amend their complaint to address the pleading deficiencies Rogers had identified.  Plaintiffs amended their complaint, but still failed to adequately plead a claim under Rule 8. "While pleading is not a game of skill in which one misstep may be decisive as to the outcome, neither is it an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges." In re Refco Capital Mkts., Ltd. Brokerage Customer Sec. Litig., Nos. 07 Civ. 8686, 07 Civ. 8688 (GEL), 2008 WL 4962985, at *2 (S.D.N.Y. Nov. 20, 2008) (quotation marks and citations omitted); see also NRW, Inc. v. Bindra, No. 12 Civ. 8555 (RJS), 2015 WL 3763852, at *1 (S.D.N.Y. June 16, 2015) ("To grant leave to amend after a plaintiff has had ample opportunity to amend would be condoning a strategy whereby plaintiffs hedge their bets . . . in the hopes of having another bite at the proverbial apple.") (quotation marks and citations omitted). The claims against Kennedy and Tassello are thus dismissed with prejudice.